UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORDELL HOWZE,

       Plaintiff,

v.                  Case No. 24-cv-1661-pp

DERRICK W. ROTTA, *et al.*,

       Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 11) AND SCREENING AMENDED COMPLAINT UNDER 28 U.S.C. §1915A**

---

  Plaintiff Cordell Howze, who is incarcerated at Waupun Correctional Institution and is representing himself, filed an amended complaint under 42 U.S.C. §1983,[1] alleging that the defendants violated his constitutional rights. Dkt. No. 10. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 11, and screens his amended complaint, dkt. no. 10.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 11)**

  The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. <u>See</u> 28 U.S.C. §1915(h).

---

[1] The court received the plaintiff's original complaint on December 26, 2024. Dkt. No. 1. He used the court's complaint form to prepare that document. On January 29, 2025 (about a month later), the court received from the plaintiff an amended complaint. Dkt. No. 9. The amended complaint was not on the court's complaint form, and it was not signed. On February 7, 2025, the court received another amended complaint; although it was not on the court's complaint form, this amended complaint *was* signed. Dkt. No. 10. The court is screening the amended complaint received on February 7, 2025.

1

The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On June 12, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $80.48. Dkt. No. 16. The court received that fee on September 10, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Amended Complaint**

    A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison,

2

668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

The plaintiff alleges that City of Menasha Police Department Officers Derrick W. Rotta, Brian J. Van Alstyne and Eake used unnecessary force by deploying a "police K9 dog to attack [him] and bit[e] his right wrist repeatedly and using taser guns and deploying four tasers on [him] by two different

3

officers during [his] arrest." Dkt. No. 10 at 1.² The plaintiff avers that the City of Menasha Police Department failed to properly train policer officers "when dealing with people with mental health disorders[.]" Id.

The plaintiff alleges that the officers prohibited him from receiving proper medical attention for the eight sores and nerve damage he sustained from the incident. Id. He says that he didn't receive medical care for his injuries until he arrived at the county jail, and that he received the "bare minimum" of treatment—Band-Aids and antibiotics. Id. at 1-2.

The plaintiff alleges that the officers acted maliciously toward him because he is on a probation hold for armed robbery and threats to law enforcement officers. Id. at 2. The plaintiff says that he did not pose an immediate threat to the police officers or others and that their use of force was not justified. Id.

For relief, the plaintiff seeks compensatory and punitive damages. Id.

C.  Analysis

The plaintiff has sued the Menasha Police Department. Defendants in a federal lawsuit must have the legal capacity to be sued, and the "law of the state where the court is located" determines that capacity for entities that are not individuals or corporations. Fed. R. Civ. P. 17(b)(3); see also DeGenova v. Sheriff of DuPage C'nty, 209 F.3d 973, 976 n.2 (7th Cir. 2000) ("The federal courts look to state law to determine if a defendant is amenable to suit."). Under Wisconsin law, a police department does not have the capacity to be

---

² The plaintiff did not provide a date for the incident he alleges.

4

Case 2:24-cv-01661-PP    Filed 11/19/25    Page 4 of 10    Document 22

sued. See Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004) (stating a sheriff's department "is not a legal entity separable from the county government which it serves and is therefore, not subject to suit."). The court will dismiss the Menasha Police Department.

Courts analyze a claim that a law enforcement officer used excessive force when arresting someone under the Fourth Amendment's objective reasonableness standard. Avina v. Bohlen, 882 F.3d 674, 678 (7th Cir. 2018) (citing Cyrus v. Town of Mukwonago, 624 F.3d 856, 861 (7th Cir. 2010)). "Whether a police officer used excessive force is analyzed from the perspective of a reasonable officer under the circumstances, rather than examining the officer's actions in hindsight." Id. (quoting Dawson v. Brown, 803 F.3d 829, 833 (7th Cir. 2015)). When assessing whether the amount of police force was reasonable, the court looks to circumstances indicating (1) the severity of the suspected crime, (2) whether the suspect posed an immediate threat to the officer on the scene or other, and (3) whether the suspect was actively resisting or attempting to evade arrest. Id.; see also Graham v. Conner, 490 U.S. 386, 396 (1989). The court's goal in examining these factors is to determine "whether the force used to seize the suspect was excessive in relation to the danger he posed . . . if left unattended." Dawson, 803 F.3d at 833.

The plaintiff alleges that officers Rotta, Van Alstyne and Eake used unnecessary force in arresting him because they let a police dog repeatedly bite him and used a taser on him multiple times when he posed no threat. He may

5

proceed on a Fourth Amendment claim against the officers in their individual capacities.

The plaintiff also alleges that the police department failed to properly train the officers. As the court has explained, he cannot proceed against the police department. But the plaintiff also sues Winnebago County and the City of Menasha, so the court will consider whether he has stated a claim against the municipalities. A governmental entity is not liable for the unconstitutional acts of its employees unless the acts were carried out pursuant to "an official policy, widespread custom, or deliberate act of a county decision-maker of the municipality or department." Grieveson v. Anderson, 538 F.3d 763, 771 (7th Cir. 2008) (quoting Wagner v. Washington County, 493 F.3d 833, 836 (7th Cir. 2007)); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). "A city's failure to train its employees may qualify as a 'policy' under § 1983 if the city has actual or constructive notice that its failure is likely to result in constitutional violations of the type allegedly suffered by the plaintiff. Pullen v. House, 88 F. Supp. 3d 927, 945 (W.D. Wis. 2015) (quoting Connick v. Thompson, 131 S. Ct. 1350, 1359-60 (2011)).

The plaintiff alleges that the police department failed to properly train its officers in dealing with people with mental health disorders, and says that it should be held "vicariously liable" for his injuries. Dkt. No. 1 at 1. He does not allege that officers previously used unnecessary force on individuals during arrests, nor does he allege that city had notice of any such practice. The

plaintiff has not stated a constitutional failure-to-train claim. The court will dismiss the City of Menasha and Winnebago County.

The plaintiff also alleges that the officers did not get him medical care for his injuries. The plaintiff does state, however, that once he arrived at the jail, he received medical treatment consisting of Band-Aids and antibiotics. The plaintiff does not describe how long he waited without medical care before being transported to the jail, nor does he describe the condition he was in while waiting to be transported there. He has not stated a plausible claim for relied based on denial of medical care.

The plaintiff may proceed on an excessive force claim against officers Rotta, Van Alstyne and Eake. The court will dismiss the remaining claims and defendants.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 11.

The court **DISMISSES** defendants Winnebago County, City of Menasha and the Menasha Police Department.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the amended complaint (Dkt. No. 10) and this order on defendants Derrick W. Rotta, Brian J. Van Alstyne and Officer Eake under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any

7

Case 2:24-cv-01661-PP   Filed 11/19/25   Page 7 of 10   Document 22

provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants Rotta, Van Alstyne and Eake to file a responsive pleading to the amended complaint.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$269.52** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Waupun Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[3] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner

---

[3] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 19th day of November, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

10

Case 2:24-cv-01661-PP   Filed 11/19/25   Page 10 of 10   Document 22