CORDELL M. HOWZE,

                Plaintiff,

v.                                              Case No. 24-cv-1661-pp

DERRICK W. ROTTA, *et al.*,

                Defendants.

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 24)

      Plaintiff Cordell M. Howze, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. The court screened the complaint and allowed the plaintiff to proceed on a claim that the defendants—City of Menasha Police Department Officers Derrick W. Rotta, Brian J. Van Alstyne and Officer Eake—used unnecessary force in arresting him in violation of the Fourth Amendment to the United States Constitution. Dkt. No. 22. This order addresses the plaintiff's motion to appoint counsel. Dkt. No. 24.

      In support of his motion, the plaintiff states that his incarceration limits his ability to litigate, that the issues involved in the case are complex and will require significant research and that he has limited access to the law library. Dkt. No. 24. He also states that he has limited legal knowledge and that he cannot investigate the case because of his imprisonment. Id.

      In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir.

2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the

2

plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has not satisfied the first requirement for appointment of counsel because he does not say that he tried to find a lawyer on his own. To satisfy the requirement that he make a reasonable effort to find a lawyer, the plaintiff must follow the guidelines set forth above by contacting at least three lawyers and then providing the court with evidence that he did so.

Even had the plaintiff made a reasonable effort to find a lawyer on his own, at this point the court would not grant his motion to appoint counsel based on consideration of the second factor for recruitment of counsel. First, this is not a complex case. It involves a claim that the defendants allegedly used unnecessary force in arresting the plaintiff because they let a police dog bite him and used a taser on him when he posed no threat. Second, the plaintiff's case filings show that he is capable of advocating for himself and communicating with the court. In the amended complaint, the plaintiff

3

provided a detailed description of his version of the events. Based on the nature of the plaintiff's straightforward claim and his capabilities, he should be able to participate in exchanging discovery with the defendants. Once the defendants file a responsive pleading to the amended complaint, the court will enter a scheduling order that sets deadlines for the parties to complete discovery and file motions for summary judgment. The scheduling order will include information about conducting discovery. Although the plaintiff is incarcerated, he should be able to exchange information with the defendants about the incident described in his complaint and respond to a summary judgment motion, if the defendants file one. The court will deny without prejudice the plaintiff's motion to appoint counsel.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 24.

Dated in Milwaukee, Wisconsin this 18th day of December, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**